1997 OK 147

STATE of Oklahoma, ex rel. OKLA-
HOMA BAR ASSOCIATION,
Complainant,

v.

Kwame Telli MUMINA, Respondent.

SCBD 4263.

Supreme Court of Oklahoma.

Dec. 3, 1997.

Allen J. Welch, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, for Complainant.

John E. Douglas of Clark, Stakem, Wood & Douglas, P.C., Oklahoma City, for Respondent.

LAVENDER, Justice.

¶ 1 This matter is before the Court pursuant to Rules 8.1 and 8.2 of the Rules Governing Disciplinary Proceedings, 5 O.S. 1991, Ch. 1, App. 1–A for consideration of complainant, Oklahoma Bar Association's application to approve the resignation of respondent, Kwame Telli Mumina from membership in the Oklahoma Bar Association pending disciplinary proceedings concerning alleged misconduct. Upon consideration of the matter we find:

1. Respondent executed his affidavit regarding resignation pending disciplinary proceedings on November 7, 1997, wherein he requests to be allowed to resign his membership in the Oklahoma Bar Association and relinquish his right to practice law;

2. Respondent's resignation was freely and voluntarily tendered, he was not subject to coercion or duress, and he was fully aware of the consequences of submitting his resignation;

3. Respondent was aware of a complaint filed against him on May 5, 1997 by the Office of the General Counsel of the Oklahoma Bar Association, at the direction of the Professional Responsibility Commission, alleging: he collected over $50,000 in attorney fees owed to the law firm where he was employed, that he used these funds for his personal benefit and that he did not deliver the funds to the law firm until a demand was made;

4. Respondent is aware that the allegations concerning his conduct specified in

paragraph three (3) above; if proven, would constitute violations of Rules 1.15(a)–(b) and 8.4(c), Oklahoma Rules of Professional Conduct (ORPC), 5 O.S.1991, Ch. 1, App. 3–A and Rule 1.4(b), Oklahoma Rules Governing Disciplinary Proceedings (RGDP), 5 O.S. Supp.1996, Ch. 1, App. 1–A, and his oath as an attorney.

5. Respondent is aware the burden of proof regarding the allegations set forth in paragraph three (3) above rests on the Oklahoma Bar Association, but that he waives any and all right to contest the allegations.

6. Respondent recognizes and agrees he may not make application for reinstatement to membership in the Oklahoma Bar Association prior to the expiration of five years from the effective date of our approval of his resignation;

7. Respondent has agreed to comply with Rule 9.1 of the Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A, and he acknowledges he may be reinstated to practice law only upon compliance with the conditions and procedures prescribed by Rule 11 of the Rules Governing Disciplinary Proceedings, 5 O.S. 1991, Ch. 1, App. 1–A;

8. The resignation pending disciplinary proceedings of respondent is in compliance with Rule 8.1 of the Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A;

9. Respondent's name and address appear on the official roster maintained by the Oklahoma Bar Association as follows: Kwame Telli Mumina, OBA # 10415, One Leadership Square, 12th Floor, 211 N. Robinson, Oklahoma City, Oklahoma 73102;

10. Although costs have been incurred by the complainant, Oklahoma Bar Association in the investigation of this matter, complainant has agreed to waive payment by respondent of said costs.

11. Respondent's resignation should be approved.

12. Our Order accepting the resignation of respondent is effective as of November 10, 1997, the date the application for approval of his resignation was filed in this Court.

¶ 2 It is therefore **ORDERED** complainant's application is approved and respondent's resignation is accepted and approved effective November 10, 1997, and respondent's right to practice law is relinquished.

¶ 3 It is further **ORDERED** respondent's name be stricken from the Roll of Attorneys and that he make no application for reinstatement to membership in the Oklahoma Bar Association prior to five years from November 10, 1997, the effective date of his resignation and this Court's approval thereof.

¶ 4 It is further **ORDERED** respondent comply with Rule 9.1 of the Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A.

¶ 5 **ALL JUSTICES CONCUR.**